45 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 KOLLSMAN, A Division of Sequa Corporation, Plaintiff-Appellee,
v.
Victor COHEN, Defendant-Appellant,
and
CUBIC CORPORATION; Cubic Defense Systems, Incorporated, Defendants,
APPLIED DATA TECHNOLOGY, INCORPORATED, Third Party Defendant.
 No. 94-1437.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 22, 1994.
Decided Dec. 30, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-91-1943-A)
 David Rosenblum, ROSENBLUM & ROSENBLUM, P.C., Alexandria, VA, for Appellant.
 C. Torrence Armstrong, Tobin D. Kern, MCGUIRE, WOODS, BATTLE & BOOTHE, Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Victor D. Cohen appeals from the district court's orders denying the recovery of fees to his guardian ad litem/attorney for his attendance at depositions and denying reconsideration of that order. We affirm.
 
 
 2
 To facilitate the litigation and protect the interests of Defendant Cohen, who was incarcerated, the district court appointed a guardian ad litem for Cohen. The guardian ad litem also served as Cohen's attorney. At the conclusion of the litigation, the district court ordered Plaintiff to pay $49,798.50 in fees and expenses to the guardian ad litem. On appeal, we held that a guardian ad litem may recover only those fees incurred in his capacity as guardian ad litem and not those incurred in his separate capacity as the party's attorney. Kollsman v. Cohen, 996 F.2d 702, 706 (4th Cir.1993). We remanded the case to the district court for a determination of the costs incurred by the guardian ad litem in that capacity, as opposed to those incurred in his capacity as Cohen's attorney. Kollsman, 996 F.2d at 708.
 
 
 3
 On remand, the district court found that "attending and preparing for depositions ... are the types of functions normally performed by an attorney," and denied recovery of expenses for those activities. After other adjustments, the district court reduced the award to $21,822.81. Cohen moved for reconsideration, requesting the court to include fees and expenses incurred in attending depositions in the costs recoverable by the guardian ad litem. The district court denied reconsideration.
 
 
 4
 Cohen appeals, arguing that the costs of attending depositions are properly charged as guardian ad litem fees, rather than as attorney fees. He contends that the law confers a right upon a party to attend depositions and examine witnesses and that his representative's attendance at the depositions was as his guardian ad litem and not as his attorney.
 
 
 5
 "There is a distinction between an attorney ad litem and a guardian ad litem even though, as in this case, the same person performs in both roles." Kollsman, 996 F.2d at 706 (italics in original). The guardian ad litem may not recover for the performance of legal services as an attorney. Kollsman, 996 F.2d at 706; Hull by Hull v. United States, 971 F.2d 1499, 1510 (10th Cir.1992); DuPont v. Southern Nat'l Bank, 771 F.2d 874, 882 (5th Cir.1985), cert. denied, 475 U.S. 1085 (1986).
 
 
 6
 We agree with the district court that preparing for and attending depositions are legal services for which the guardian ad litem may not recover his fees.* See Kollsman, 996 F.2d at 706. We therefore affirm the district court orders denying recovery of fees for deposition attendance and denying reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Even if Cohen had a right to attend the depositions, he failed to show that he wished to attend and was unable to attend. See Fed.R.Civ.P. 30(b)(7) (providing for remote taking of depositions); see also Wahl v. Carrier Mfg. Co., 511 F.2d 209, 216 (7th Cir.1975) (burden of proof for recovery of fees on movant)